IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE CORTEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5167 |
| | : | |
| MARIA CRUZ, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**HODGE, J.**                                                                                                                  **SEPTEMBER 12, 2025**

Plaintiff Darlene Cortez filed this civil action against Maria Cruz and Jose Cruz, who appear to be her neighbors. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Cortez leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.    FACTUAL ALLEGATIONS AND LITIGATION HISTORY**

Cortez's Complaint is sparse. She alleges that the Cruzes were hired by third parties, Louloua Al Sabah and Mary Pat Wright, to continuously spy on her, repeatedly break into her home, and steal plans from her "multi billion dollar companies." (Compl. at 4.) As a result, Cortez claims to have suffered the loss of "her companies, projects, products, sales, investment & trade income," among other things. (*Id.* at 5.) She alleges that her constitutional rights have been violated and seeks billions of dollars in damages. (*Id.* at 4, 5.) Notably, Cortez has a long record of bringing the same or similar claims in the federal courts and her prior cases have all been dismissed.[1] *See Cortez v. Al Sabah*, No. 25-1392 (E.D. Pa.); *Cortez v. Wright*, No. 25-1330

---

[1] The Court may take judicial notice of these dockets. *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

(E.D. Pa.); *Cortez v. Biden*, No. 20-105 (D.D.C.); *Cortez v. Alfaisal*, No. 20-89 (D.D.C.); *Cortez v. Baskin*, No. 20-73 (D.D.C.); *Cortez v. Baskin*, No. 19-12261 (D.N.J.); *Cortez v. Biden*, No. 19-3847 (D.D.C.); *Cortez v. Hithalayn*, No. 19-1642 (D.D.C.); *Cortez v. Wright*, No. 19-1641 (D.D.C.); *Cortez v. Baskin*, No. 19-646 (D.D.C.); *Cortez v. Wright*, No. 19-645 (D.D.C.); *Cortez v. Wright*, No. 19-626 (D.D.C.); *Cortez v. Wright*, No. 19-323 (D.D.C.); *Cortez v. Hithalayn*, No. 19-322 (D.D.C.); *Cortez v. Wright*, No. 19-321 (D.D.C.); *Cortez v. Alsaud*, No. 19-176 (D.D.C.); *Cortez v. Alsaud*, No. 19-171 (D.D.C.); *Cortez v. Alsaud*, No. 19-100 (D.D.C.); *Cortez v. Wright*, No. 19-99 (D.D.C.); *Cortez v. Wright*, No. 15-863 (D.D.C.); *Cortez v. U.S. Postal Serv.*, No. 14-3144 (E.D. Pa.); *Cortez v. Alsabah*, No. 12-7249 (E.D. Pa.); *Cortez v. Alsabah*, No. 12-5586 (E.D. Pa.); *Cortez v. Almlaik*, No. 12-5585 (E.D.Pa.); *Cortez v. Alsabah*, No. 12-1874 (D.D.C.); *Cortez v. Almalik*, No. 11-3363 (E.D. Pa.); *Cortez v. Edwards*, No. 11-3362 (E.D. Pa.); *Cortez v. Wright*, No. 11-3361 (E.D. Pa.);  *Cortez v. Edwards*, No. 11-2848 (E.D. Pa.); *Cortez v. Unique Advantage*, No. 09-4617 (E.D. Pa.); *Cortez v. Vazquez*, No. 09-4369 (E.D. Pa.); *Cortez v. Almalik*, No. 09-4368 (E.D. Pa.); *Cortez v. Salas*, No. 08-5307 (E.D. Pa.).

## II.     STANDARD OF REVIEW

The Court will grant Cortez leave to proceed *in forma pauperis* because it appears she is incapable of paying the fees to commence this civil action.  Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless

"when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Cortez is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

As in her prior cases, Cortez's allegations—which appear to be predicated on an ongoing conspiracy to deprive her of billions of dollars of wealth—do not provide a factual basis for a claim. *See, e.g.*, *Cortez v. Al Sabah*, No. 25-1392, 2025 WL 903828, at *1 (E.D. Pa. Mar. 24, 2025) (dismissing as frivolous complaint seeking billions of dollars from Defendants Louloua Al Sabah and Jack Smith for stealing Cortez's "companies" and "wealth"); *Cortez v. Alsabah*, No. 12-1874, 2012 WL 5941386, at *1 (D.D.C. Nov. 19, 2012) (dismissing as frivolous complaint alleging, among other things, that the defendants "used their connections not only to steal her children, but also to plot against her to steal the plaintiff's billion dollar projects from her, steal her federal funding for her billion dollar teak deal, steal her domestic sales of her fragrances, steal her billion dollar international trade, steal her import and export projects, [and] steal her

European castle projects" (cleaned up)); *Cortez v. Almlaik*, No. 12-5585, 2012 WL 5503829, at *1 (E.D. Pa. Nov. 9, 2012) (dismissing as frivolous complaint alleging, among other things, that the defendants "are responsible for stealing billions of dollars in wealth that she amassed from companies and/or products that she allegedly developed"). Even if Cortez's allegations could give rise to a claim, she has not adequately alleged a basis for the Court's jurisdiction over those claims. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").

## IV. CONCLUSION

In sum, the Court will dismiss this case, and will do so with prejudice because amendment would be futile. Cortez has previously been warned "that if she continues to file similar complaints [to those that have been repeatedly rejected by the courts], the Court may consider restricting her ability to file in the future." *Cortez*, 2025 WL 903828, at *1 n.1. The Court reiterates that warning here.

An appropriate Order follows, which dismisses this case.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
**KELLEY BRISBON HODGE, J.**